# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:09-CV-507-RLV-DCK

| | |
|---|---|
| DAVID BARTON WOOTEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INFINITY PARTNERS, LLC, et al.,<br><br>Defendants. | ORDER |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To Amend Complaint" (Document No. 72). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for disposition. Having carefully considered the record, the briefs and applicable authority, the undersigned will <u>grant</u> the motion to amend.

## BACKGROUND

Plaintiffs filed a "Complaint" (Document No. 1) on November 24, 2009, and then an "Amended Complaint" on January 27, 2010. Defendants A. Greg Anderson and Anderson & Associates ("Anderson") filed a "Motion To Dismiss..." (Document No. 62) pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) on February 9, 2010. "Defendant Fifth Third Bank's Motion To Dismiss The Claims of Plaintiffs Wooten, Nastase, Jones and Hendrix" (Document No. 67) pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) was filed on February 10, 2010. The now pending "Motion To Amend Complaint" (Document No. 72) was filed on February 26, 2010. Defendants filed responses in opposition (Document Nos. 82, 83) to the

motion to amend on March 11 and 12, 2010, and Plaintiffs filed a reply brief (Document No. 85) on March 22, 2010.

## DISCUSSION

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days of after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1) (2010). Rule 15 further provides that

> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
> . . . any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

Fed.R.Civ.P. 15(a)(2)-(3) (2010).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008), citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001); and see, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) quoting Foman, 371 U.S. at 182.

Plaintiff contends that but for its first amendment to the Complaint for purposes of correcting a clerical error, the currently proposed motion to amend would be allowed as a matter of course pursuant to Rule 15(a)(1) because it was filed within 21 days of Defendants' Rule

2

12(b) motions to dismiss. (Document No. 73, p.2). Nevertheless, at this point the opposing party's written consent or the court's leave is required for the proposed second amendment to the Complaint. See Fed.R.Civ.P. 15(a)(2).

Plaintiffs seek leave to amend to "include additional facts and to restate more clearly its claims for relief against the Defendants . . . [t]he main reason for the amendment is to further expound upon the facts in this matter based upon Defendants' Motions to Dismiss." (Document No. 73, p.3). Plaintiff argues that the proposed amendment is brought in good faith and will not cause undue prejudice or delay, noting that discovery has not begun and there is currently no scheduling order or trial date. (Document No. 73, p.5-6).

Defendants principally contend that the motion to amend should be denied because it is sought solely to circumvent their fully briefed dispositive motions. (Document No. 82, p.3; Document No. 83, p.3). Defendants complain that Plaintiffs offer " absolutely no explanation" for failing to include their current amendments in the first Amended Complaint. (Document No. 83, p.3; Document No. 82, p.4). The undersigned notes, however, that Plaintiffs acknowledged that the "main reason" for their current proposed amendment was "based on Defendants' Motions to Dismiss." (Document No. 73, p.3). Defendants even quote part of Plaintiffs' explanation in one of their briefs:

> to clarify the relationship between Fifth Third, Anderson, and the Developers in order to further demonstrate the real estate scheme, of which they were a part. It expounds upon the activity that forms the basis for Plaintiffs' claims of fraud. It cleans up the Amended Complaint so it is clear which claims for relief are being asserted against which Defendants and it addresses all the technical objections asserted by the Defendants in their Motions to Dismiss.

(Document No. 83, p.2, quoting Document No. 73, p.5).

3

It is apparent based on Plaintiffs' briefs that the explanation for the new Amended Complaint is, at least in part, that it responds to the motions to dismiss, and purportedly makes "additional allegations which Plaintiffs' counsel learned of since the current Complaint was filed." (Document No. 85, p. 1).

The undersigned does not find that the proposed motion to amend is made in bad faith, is prejudicial or futile. Defendants' opposition does not articulate an argument that the motion to amend is futile, or made in bad faith; instead Defendants focus on the argument that the "motion to amend the complaint is prejudicial to [Defendants] because [Defendants] ha[ve] already filed a motion to dismiss plaintiffs' complaint and fully briefed this motion." (Document No. 83, p.5).

With respect to prejudice, the Fourth Circuit Court of Appeals has explained that

> Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered **before any discovery has occurred**. . . . Delay alone, however, is an insufficient reason to deny the plaintiff's motion to amend.

Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006)(internal citation omitted)(emphasis added) citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)

The fact that Defendants have filed and briefed motions to dismiss does not necessarily support a claim of prejudice. While the additional passage of time may be regrettably inconvenient for Defendants in some respects, the Plaintiffs' course of action appears consistent

4

with the spirit of revised Fed.R.Civ.P. 15.[1] Furthermore, the delay here is not the sort of delay courts have traditionally found sufficient to deny a motion to amend. See Laber, 438 F.3d at 427. The Court notes that the motion to amend was filed within about two weeks of the motions to dismiss and at an early stage of the litigation - before discovery has begun, and well before trial. "Rule 15(a) directs that leave to amend 'shall be freely given when justice so requires.' This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Id. at 426. Justice in this instance requires that leave to amend be given.

Defendants contend, in the alternative, that if the motion to amend is allowed they should be reimbursed for attorneys' fees and costs. The advocacy of Defendants' counsel in this argument is admirable, but the undersigned is not persuaded that sufficient authority or good cause supports the request for fees and costs.

As to the pending motions to dismiss (Document Nos. 62 and 67), the undersigned finds that these motions should be denied as moot.

> [I]t is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings should be denied as moot. Accord Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); and Turner v. Kight, 192 F.Supp.2d 391, 397 (D.Md. 2002) (denying as moot

---

[1] This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised *seriatim*. It also should advance other pretrial proceedings.

Fed.R.Civ.P. 15, Advisory Committee Notes, 2009 Amendments.

motion to dismiss original complaint on grounds that amended complaint superseded original complaint).

Atlantic Skanska, Inc. v. City of Charlotte, N.C., 3:07-CV-266-W, 2007 WL 3224985 at *4 (W.D.N.C. October 30, 2007); see also, SNS Hospitality, LLC v. CIS Associates, LLC, 3:09-CV-189-MR-DCK, 2009 WL 2424089 (W.D.N.C. August 3, 2009) and Hi-Tech, Inc. v. Rising, 3:05-CV-265, 2006 WL 1966663 at *3 (W.D.N.C. July 11, 2006). Defendants may, of course, re-file their motions to dismiss with respect to the second Amended Complaint.

## CONCLUSION

**IT IS, THEREFORE ORDERED** that the "Motion To Amend Complaint" (Document No. 72) is **GRANTED**.

**IT IS FURTHER ORDERED** that the "Motion To Dismiss Of Defendant A. Greg Anderson And Defendant Anderson & Associates" (Document No. 62) and "Defendant Fifth Third Bank's Motion To Dismiss The Claims Of Plaintiffs Wooten, Nastase, Jones And Hendrix" (Document No. 67) are **DENIED AS MOOT,** without prejudice to Defendants to re-file motions to dismiss.

**SO ORDERED**.

Signed: April 12, 2010

David C. Keesler
United States Magistrate Judge